## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW K. REEVES, | ) | CASE NO. 8:04CV56 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| AIRLITE PLASTICS, CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion for Summary Judgment (Filing No. 50). The parties have submitted briefs and indexes of evidence in support of their respective positions. For the reasons stated below, the Plaintiff's motion will be denied.

## FACTS

NECivR 56.1, governing summary judgment procedures in this Court, provides:

**(a) Moving Party.**

(1) **Statement of Material Facts.** The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law. <u>Failure to submit a statement of facts constitutes grounds for denial of the motion.</u>

(2) **Form; Citation to Record.** The statement of facts shall consist of short numbered paragraphs, each containing pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line) or other materials relied upon to support the material facts recited in that paragraph. A fact is "material" if pertinent to the outcome of the issues identified in the motion for summary judgment. The statement of facts shall describe the parties and recite all facts supporting the court's venue and jurisdiction. The statement shall not contain legal conclusions. <u>Failure to provide citations to the exact locations in the record supporting the factual allegations shall be grounds to deny the motion.</u>

**(b) Opposing Party.**

(1) **Response to Movant's Statement.** The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts.  the response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies.  Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.

(Emphasis in original).

The Plaintiff's brief in support of his Motion for Summary Judgment contains no statement of facts.  The Court's attempt to glean undisputed material facts from the Second Amended Complaint, the Defendants' Amended Answers to the Second Amended Complaint, the arguments in the briefs in support of and in opposition to the Motion for Summary Judgment, and the indexes of evidence, yields the following summary:

The Plaintiff, Andrew Reeves ("Reeves"), was employed by the Defendant Airlite Plastics Company ("Airlite") from November 12, 1984, until September 18, 1996.  Reeves began participating in Airlite's employee retirement plan (the "Plan") on July 1, 1989.  The Plan was established under § 401(k) of Pub. L. 93-406, Title I, the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.,* ("ERISA").

On December 31, 1999, Reeves had a balance of $93,857.31 in his retirement account.  On February 3, 2000, Airlite sent Reeves a letter informing him that if he did not provide Airlite with investment directions, his account balance automatically would be invested in a money-market portfolio.  Reeves's account was not invested in a money-market fund, but in a common-stock fund, due to what Airlite describes as a ministerial

2

error.  Airlite claims that in April and July of 2000, Airlite sent Reeves account statements showing that his funds were invested in a common-stock fund rather than a money-market fund.  Reeves's attorney acknowledges that Reeves "likely did receive balance notices from Defendants but simply discarded them unopened with the rest of the 'junk mail' he received on a daily basis in his regular mail." (Filing No. 51, Brief in Support of Plaintiff's Motion for Summary Judgment, p. 18).

On either January 1, 2000, or January 1, 2001, Airlite's 401(k) plan was converted to a § 404(c) plan.  In April 2003, Reeves's account balance was $34,186.83.  On August 19, 2003, Reeves submitted a claim to Airlite's Plan Administrator.  The claim was denied on November 10, 2003, by the Plan's Administrative Committee on the basis that the statute of limitations had run.  Neither Airlite, nor the Plan, nor the administrative committee of the Plan, nor the individual members of that committee at any time had any ownership interest in the Plan funds, and none of them benefitted by reason of the misdirection of Reeves's account funds.

On February 12, 2004, Reeves filed this action.  The Second Amended Complaint alleges that Airlite, the Plan, its administrative committee and the individual members of the committee breached their fiduciary duties in the administration of the Plan.  Reeves invokes this Court's jurisdiction under both 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)(B) in the Second Amended Complaint.  (Filing No. 38, ¶ 1).

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Philip v. Ford Motor*

*Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003).  The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp.*, 477 U.S. at 327.

**DISCUSSION**

Reeves's Motion for Summary Judgment must be denied because (1) the lack of any statement of facts in his brief, let alone a statement in compliance with NECivR 56.1, precludes the Court from engaging in a meaningful analysis of the uncontroverted material facts and the application of the law to those facts, and (2) the Defendants' brief and index of evidence in opposition to the Motion for Summary Judgment raise genuine issues of material fact including, but not limited to, whether Reeves's causes of action are barred by the applicable statutes of limitations.

With respect to Reeves's claim under 29 U.S.C. § 1132(a)(3)(B), Reeves has not demonstrated the absence of any genuine issue of material fact that the Defendants breached a fiduciary duty, that any such breach was the proximate cause of damage to Reeves, the amount of such damage, or that his action was timely filed under 29 U.S.C. § 1113. Based on the uncontroverted affidavit of LaClair N. Duimstra, Filing No. 57 ("Duimstra Aff.") ¶ 7, it appears unlikely that Reeves *can* prove that he is entitled to equitable relief under § 1132(a)(3), even if he were to prevail on his argument that discarding account statements from the Defendants as "junk mail" absolves him of knowledge of the Defendants' alleged breaches or violations under § 1113. (See Memorandum and Order, Dec. 10, 2004, Filing No. 32, pp. 4-7, discussing "Monetary Relief v. Equitable Relief").

To the extent that Reeves has pled a cause of action under § 1132(a)(1)(B), the basic facts are not in dispute:

As a preliminary matter, the underlying facts Reeves alleges are: that the 401(k) plan at issue contained a "default provision, whereby a participant's failure to direct the investment of his or her own account would result in the

5

account being invested in a money market fund; that Reeves failed to direct the investment of his account; that his account was not invested in a money market fund; that instead it remained invested in a common stock fund; and that that fund decreased in value in comparison to the result that would have been obtained had Reeves' account been invested in the money market fund.  Defendants do not dispute, nor have they ever disputed, the foregoing basic facts.   Defendants assert that the foregoing facts simply do not constitute a fiduciary breach under ERISA, especially not the provision of ERISA under which Reeves seeks to prevail on his motion.

Filing No. 56, Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 3.

If any cause of action is pled under § 1132(a)(1)(B) in the Second Amended Complaint, the Defendants' affirmative defenses, including their defense based on the running of the statute of limitations under § 1113, must be viewed in a very different light. *See, e.g., Harris v. The Epoch Group, L.C.,* 357 F.3d 822, 826-27 (2004)*; Schroeder v. Phillips Petroleum Co.*, 970 F.2d 419, 420 (8th Cir. 1992)*; Johnson v. State Mut. Life Assur. Co. of America*, 942 F.2d 1260, 1262 (8th Cir. 1991)(*en banc*); Neb. Rev. Stat. § 25-205 (2002 Cum. Supp.).  In any event, these issues are not before this Court in a manner that enables the Court to resolve them at this time.

IT IS ORDERED:

The Plaintiff's Motion for Summary Judgment (Filing No. 50) is denied.

DATED this 3rd day of June, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6