IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW K. REEVES, | ) | CASE NO. 8:04CV56 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| AIRLITE PLASTICS, CO., et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Attorney Fees and Costs (Filing No. 89). The Defendants seek $67,221 in attorney fees and $228.50 in costs incurred in defending this action. For the reasons stated below, the Motion will be denied.

**Standard**

This Court has the discretion to award a reasonable attorney's fee and costs to either party. 29 U.S.C. § 1132(g)(1). "In exercising that discretion, a court should consider the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions."

*Lawrence v. Westerhaus,* 749 F.2d 494, 495 (8th Cir. 1984), quoting *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

There is no presumption favoring the award of attorney's fees to the prevailing party in ERISA cases, and the *Westerhaus* factors are not exclusive nor meant to be applied mechanically. *Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 971-72 (8th

Cir. 2002). Looking to the five *Westerhaus* factors for guidance, I conclude that no award of attorney's fees is warranted in this case.[1]

**Westerhaus Analysis**

First, the Defendants contend that Reeves's action "lacked legal and factual merit" and that Reeves was "culpable for substantial bad faith." (Defendants' Brief, Filing No. 91, p.3). In fact, the Defendants or someone acting on their behalf placed Reeves's funds in the wrong account, and Reeves suffered a substantial loss as a result of that error. Although Reeves's claim based on alleged breach of fiduciary duty was untimely, it was not wholly without merit. Neither can I conclude that Reeves pursued the claim in bad faith.

Second, the Defendants contend that Reeves has ample money to pay an award of attorney's fees. (Defendants' Brief, pp. 4-5). Reeves's deposition does reveal that he was paid two million dollars to leave his job at Airlite,[2] and that he now spends his time with his family, travels, and plays golf. (Deposition of Andrew K. Reeves, Filing No. 70-6, 10:3-8; 25:4-17; 26:2-21). While Reeves may well have the ability to satisfy an award of attorney's fees, I do not know the net worth of any party in this case, nor the parties' comparative financial strength, and I conclude that this factor should be given little or no weight.

Third, the Defendants contend that an award of attorney's fees will deter others from bringing similar actions, wasting the time of an over-burdened federal district court.

---

[1] A reader desiring a fuller understanding of the procedural history of this case should refer to five Memoranda and Orders appearing at Filing No. 20 (denying Defendant's Motion to Dismiss), Filing No. 32 (denying Defendant's Motion to Dismiss), Filing No. 65 (denying Plaintiff's Motion for Summary Judgment), Filing No. 83 (denying Plaintiff's Motion for Summary Judgment), and Filing No. 87 (granting Defendant's Motion for Summary Judgment).

[2] According to the Affidavit of LaClair Duimstra, Filing No. 70-2, ¶7, Reeves's employment with Airlite was terminated in 1996, at which time he was earning approximately $65,000 annually.

(Defendants' Brief, p. 5).  It is true that this Court has "one of the highest per-judge case loads in the nation," (*id.*), and it is true that the Court and the lawyers in this case expended far more time than should have been necessary for the resolution of the issues presented. Regardless, I do not perceive that the Court's heavy docket can provide a rational basis for the imposition of attorney's fees, as a method of deterring parties from filing cases.

Fourth, the Defendants contend that a vigorous defense of this action was necessary to preserve the assets of the Plan and the value of participants' accounts, and that their statute-of-limitations defense presented a significant legal question not before addressed in this Circuit.  (Defendants' Brief, pp. 5-6).  I will not speculate how the resolution of this case may affect other participants in Airlite's Plan, individually or as a group.  With respect to the "significant legal issue" argument, it is true that there was no Eighth Circuit precedent directly on point regarding whether a participant's deliberate refusal to look at account statements would satisfy the "actual knowledge" provision under 29 U.S.C. §1113(2).  However, the resolution of the statute-of-limitations issue in this case was fact-specific and of limited precedential value.  In any event, I consider the fourth *Westerhaus* factor to be more useful in determining whether a *plaintiff* in an ERISA action may be entitled to an award of attorney's fees.  Its application to a *defendant's* request for attorney's fees is strained.

Fifth, the Defendants argue that the relative merits of the parties' positions weigh heavily in the Defendants' favor.  (Defendants' Brief, pp. 6-7).  The relative merits of the parties' positions *did* weigh in the Defendants' favor as a matter of law, and accordingly the Defendants ultimately prevailed on their motion for summary judgment.  This factor alone, however, does not merit an award of attorney's fees.

3

**Non-*Westerhaus* Factors**

In addition to the *Westerhaus* factors, the Defendants argue that Reeves's lawyers' failure to follow the Court's procedural rules made the defense of the action more difficult and time consuming, and "unnecessarily complicated and obfuscated this suit." (Defendants' Reply Brief, Filing No. 97, p.3).  If Reeves's attorneys' failure to abide by all the local rules of this Court caused the Defendants unnecessary delay or increased the cost of litigation, the Defendants' attorneys had recourse available through the Federal Rules of Civil Procedure.  See, *e.g.*, Fed. R. Civ. P. 11(c), 16(f), 26(g)(3).   I must also recognize the fact that it was not until the Court requested specific evidence regarding the mailing of the account statements in question (Filing No. 83) that there was an evidentiary record before the Court allowing the resolution of the case on summary judgment.  (Filing No. 87).  When such evidence was submitted, the Defendants acknowledged that Airlite's administrative record on that key matter was in error.  (Affidavit of LaClair Duimstra, Filing No. 84-1,¶ 16).  The Defendants must share some of the responsibility for the extraordinary time and expense devoted to the resolution of this case.

**Conclusion**

Considering the *Westerhaus* factors, and all the facts and circumstances of this case, I conclude that no award of attorney's fees is warranted.

IT IS ORDERED:

The Defendant's Motion for Attorney Fees and Costs (Filing No. 89) is denied.

DATED this 2nd day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge
